**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-25826-DPG**

**SEEOV ELECTRONIC LTD,**

Plaintiff,

v.

**THE INDIVIDUAL, BUSINESS ENTITY, OR UNINCORPORATED ASSOCIATION d/b/a THE E-COMMERCE STORE IDENTIFIED ON SCHEDULE "A",**

Defendants.
______________________________________/

# ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Entry of Preliminary Injunction (the "Motion"). [ECF No. 16]. The Court has reviewed the Motion and the record and is otherwise fully advised. By the instant Motion, Plaintiff moves for entry of a preliminary injunction under 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65(a) and continued restraint of the financial accounts used by Defendants, the Partnerships and Unincorporated Associations Identified on Schedule A attached hereto (collectively, "Defendants").

The Court convened a hearing on November 5, 2026, which was only attended by Plaintiff's counsel. During the hearing, Plaintiff directed the Court to evidence supporting the Motion. Defendant has not responded to the Motion, made any filing, or appeared in this matter either individually or through counsel. Because Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, Plaintiff's Motion is granted.

## I. FACTUAL BACKGROUND

The following factual background is taken from Plaintiff's Complaint, [ECF No. 1], Plaintiff's Motion for Entry of a Temporary Restraining Order [ECF No. 8], and the supporting evidentiary submissions and exhibits.

Plaintiff is the owner of U.S. Design Patent No. D1,132,884, titled "Charging Cable" (referred to herein as the "D'884 Patent"). *See* [ECF No. 1-1]; *see also* [ECF No. 8-3, ¶ 4]. The D'884 Patent claims the ornamental design for a charging cable used to power and connect phones, tablets, headphones, and other portable electronics. *Id.* ¶¶ 4-5.

Defendants, through internet-based e-commerce stores operating under the seller aliases identified on Schedule A attached hereto (the "Seller Aliases"), have advertised, promoted, offered for sale, or sold infringing products embodying a design substantially the same as the design claimed in the D'884 Patent. *Id.* ¶¶ 9-12. Based on the infringing evidence provided by Plaintiff [ECF No. 8-4], "Defendants' online stores target consumers in the United States, including in Florida," [ECF No. 8-3, ¶ 14]. Further, Plaintiff has "not licensed or authorized any Defendant to make, use, offer for sale, sell, or import into the United States any product embodying the design claimed in the D'884 Patent, and none of the Defendants is an authorized seller of Plaintiff's Products." *Id.* ¶ 13.

Counsel for Plaintiff has "reviewed the product listings and images displayed on Defendants' Walmart.com stores, including the store URLs, product information, and seller information for each of the seller aliases identified on Schedule A to the Complaint" and attests that "Defendants use their Walmart.com stores to advertise, offer for sale, and sell products embodying the design claimed in Plaintiff's U.S. Patent No. D1,132,884." *See* [ECF No. 8-2, ¶¶ 4, 12].

## II. LEGAL STANDARD

Because a preliminary injunction against patent infringement involves substantive matters unique to patent law, Federal Circuit law governs the analysis. *See Revision Military, Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 525 (Fed. Cir. 2012). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

In patent cases, courts may grant injunctions "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

## III. DISCUSSION

The declarations and infringing evidence Plaintiff submitted support the following conclusions of law:

1. Plaintiff has shown a substantial likelihood of proving at trial that, in the eye of an "ordinary observer," the design of the products Defendants advertise, promote, offer for sale, sell, and/or distribute is substantially the same as the design claimed in the D'884 Patent, and that Defendants have offered for sale and sold such products without Plaintiff's authorization. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). The D'884 Patent is presumed valid, 35 U.S.C. § 282, and that presumption applies at the preliminary injunction stage. *Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998). No Defendant has appeared or challenged the validity of the D'884 Patent.

2. Because of the infringement of the D'884 Patent, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific

facts, as set forth in Plaintiff's Complaint, the Motion, and the supporting declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff:

a. Defendants own or control e-commerce stores operating under the Seller Aliases, which advertise, promote, offer for sale, and sell products embodying the design claimed in the D'884 Patent in violation of Plaintiff's rights;

b. There is good cause to believe that more infringing products embodying the design claimed in the D'884 Patent will appear in the marketplace, and that Plaintiff will continue to lose control over its patented design and suffer price erosion, lost market share, and lost sales;

c. Defendants appear to operate from outside the United States and can quickly transfer funds offshore, making any monetary judgment difficult to collect.

3. The balance of potential harm to Defendants in restraining their trade in infringing products if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation as a leader in the market for advanced charging accessories, and the value of its investment in the patented design if such relief is not issued.

4. The balance of potential harm to Defendants in restraining their trade in infringing products if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation as a leader in the market for advanced charging accessories, and the value of its investment in the patented design if such relief is not issued.

5. The public interest favors issuance of the preliminary injunction to protect Plaintiff's patent rights, to encourage respect for the law, and to facilitate the invention and development of innovative designs.

6. Under 35 U.S.C. § 289, Plaintiff may be entitled to recover Defendants' total profits from the sale of any article of manufacture to which the design claimed in the D'884 Patent, or any colorable imitation thereof, has been applied. *See* 35 U.S.C. § 289.

7. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) (citing *FTC v. U.S. Oil & Gas Corp*., 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

## IV. CONCLUSIONS OF LAW

Accordingly, upon due consideration of Plaintiff's Complaint, Motion for Entry of Preliminary Injunction, and supporting evidentiary submissions, it is hereby **ORDERED AND ADJUDGED** that pursuant to 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, 28 U.S.C. § 1651(a), and the Court's inherent authority, Plaintiff's Motion for Entry of Preliminary Injunction, [ECF No. 16], is **GRANTED**, under the terms set forth below:

1. Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order are hereby preliminarily restrained and enjoined from:

    a. making, using, offering for sale, selling, and/or importing into the United States, without Plaintiff's authorization, any product that embodies the design claimed in the D'884 Patent or any colorable imitation thereof;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States, without Plaintiff's authorization, any product that embodies the design claimed in the D'884 Patent or any colorable imitation thereof;

c. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b); and

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, without Plaintiff's authorization, any product or inventory that embodies the design claimed in the D'884 Patent or any colorable imitation thereof.

2. Defendants and any person in active concert or participation with them who have actual notice of this Order shall be preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

3. Any third-party providers, including Walmart Inc. and any financial institutions, payment processors, banks, escrow services, or money transmitters providing services to Defendants, shall, within two (2) business days of receipt of this Order, for any of Defendants or the Seller Aliases:

a. locate all accounts and funds connected to Defendants or the Seller Aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A attached hereto and any email addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of money or any other assets belonging to Defendants until further ordered by this Court.

4. This Order shall apply to the Seller Aliases, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the D'884 Patent at issue in this action.

5. Any Defendants subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

6. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

7. The Court determines that the bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) posted by Plaintiff is sufficient and shall remain with the Court.

8. Plaintiff shall serve a copy of this Order on Defendants by the means authorized in the Court's Order on Plaintiff's Motion for Alternate Service, [ECF No. 10].

9. This Order shall remain in effect during the pendency of this action, or until further Order of this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of November, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

## Schedule A Defendants

| Def. # | Seller Aliases | Defendants' Walmart Store URLs |
|---|---|---|
| 1 | Yicong Electronic | walmart.com/global/seller/102863651 |
| 2 | Papolor Co., Ltd. | walmart.com/global/seller/102895284 |
| 3 | Songyuehao | walmart.com/global/seller/102948197 |
| 4 | wanjunshop | walmart.com/global/seller/102891162 |
| 5 | Yammee Co., Ltd | walmart.com/global/seller/102779897 |
| 6 | Vollux | walmart.com/global/seller/102854464 |
| 7 | Jindis | walmart.com/global/seller/101482838 |
| 8 | nana1990 | walmart.com/global/seller/102905568 |
| 9 | NANMELX Co., Ltd | walmart.com/global/seller/102884932 |